# Richmond

## Ruth B. Major v. J. Lee Price.

November 22, 1954.

Record No. 4257.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Boothe, Dudley, Koontz & Boothe,* for the appellant.

*Harry L. Carrico* and *Hardee Chambliss, Jr.,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

J. Lee Price filed a bill in chancery against Ruth B. Major seeking specific performance of a written contract for the sale of four acres of land. The court after considering the evidence, part of which was introduced by depositions and the other was heard *ore tenus,* by decree granted Price the relief prayed for, which ruling is before us upon appeal.

Mrs. Major was the owner of fifty-one acres of land in the city of Alexandria, lying at the intersection of Shirley highway and Seminary road. The forty-seven acre tract on which she lived was situated in the southerly part of the intersection, and the remaining unimproved four acres, the subject of this litigation, was in the southwesterly part.

On November 19, 1951, the parties entered into a contract of sale whereby Mrs. Major agreed to sell and Price agreed to buy the four acre tract. The agreed purchase price was $40,000, of which $1,000 was paid at the time the contract was signed. The contract provided for the transaction to be concluded on or before February 19, 1952, at which time thirty per cent (including the deposit of $1,000) was to be paid in cash, the balance to be secured by a first trust on the property, bearing interest at five per cent; the deferred purchase money becoming due and payable on or before three years from the date of settlement.

The contract also contained the following clause: " * * * (I)f this land cannot be rezoned for use as a Motel, this contract is null and void."

On February 1, 1952, Mrs. Major addressed a letter to the real estate firm representing her in the transaction, stating that as the contract "involves rezoning" which could not be accomplished "for approximately two (2) months, I hereby

agree to extend the settlement date from on or before February 19, 1952, to on or before April 19, 1952." The letter also stated that "a copy of this memorandum is to be attached to and made a part of the contract signed on the 19th day of November, 1951, by the undersigned." The extension was accepted by Price on February 4, 1952.

Shortly before April 19, 1952, A. Sclater Lamond, Mrs. Major's agent, called his client and told her that he was fearful that the rezoning of the land could not be accomplished before the expiration date and requested a further extension which Mrs. Major declined.

Whereupon, on April 7, 1952, Price notified Mrs. Major that he would settle for the property on April 17, 1952, at the office of Real Title Corporation in Arlington. Settlement was there tendered by Price on that date. When the deed was presented for Mrs. Major's signature through her agent, Lamond, she refused to sign it, giving as her reason that she was too ill. She suggested that Lamond see her attorney.

Upon Mrs. Major's persistent refusal to sign the deed the bill in chancery praying for specific performance of the contract was filed. A demurrer to the bill was overruled, and on August 5, 1952, Mrs. Major filed her answer. In her answer she denied that she was under any valid obligation to convey the land to Price, and she further "denies that there was any mutuality of obligation in her arrangements with the complainant; denies that there was any consideration for the extension of time granted after February 19, 1952; denies that any tender was made to her and denies that the papers involved constituted anything more than an option to buy given to the plaintiff and exercisable by him if and only if the property was rezoned for a motel or for motel purposes on or before February 19, 1952."

The case was tried in the lower court on issues posing three questions which Mrs. Major alleges in her brief to be the questions involved in the appeal, *viz:*

(1) Was the rezoning clause "a clause which benefited both the seller and the purchaser, or only the purchaser?"

(2) "Was the extension of settlement date from February 19, 1952, to April 19, 1952, invalid because of lack of consideration?"

(3) "Did the purchaser make proper tender at the place designated in the contract for settlement?"

█ In dealing with the first question, Mrs. Major, in her brief, says: " * * * (T)he vendor contends that the clause very much redounded to her benefit, as well as to the benefit of the appellee, who was the vendee." She gives two reasons for her contention:

"(a) Under the contract she agreed to take back a trust upon the property, an unimproved four acre parcel of land, for 70% of the purchase price. Her security would have been doubled if the rezoning had been made before the contract took effect.

"(b) She made her home on and had an interest in a larger tract containing forty-seven acres", and having the four acres rezoned would enhance the value of the 47-acre tract.

Evidence was introduced by Mrs. Major in an attempt to show that the rezoning clause was inserted in the contract for her benefit as well as for the benefit of Price.

The evidence disclosed that before Mrs. Major filed any pleadings in the case the four acre tract had been rezoned and thus the reasons advanced in paragraphs (a) and (b) above no longer existed. Furthermore, four out of the five witnesses introduced testified that the rezoning clause was placed in the contract upon the insistence of Price. A. Sclater Lamond, who was acting as Mrs. Major's agent, testified that the clause was not inserted in the contract as originally prepared and that Price refused to sign the same until the clause was added. Mrs. Major was the only witness who testified that the clause inured to her benefit.

The chancellor had ample evidence upon which to base the finding that the clause was placed in the contract upon

the insistence of Price and that it was inserted for his benefit.

It is next argued by Mrs. Major that "if the provision was for the benefit of the vendee (Price) alone, then the contract lacked * * * mutuality of remedy and could not be enforced specifically". There is no merit in this contention. Mutuality of remedy existed in this case when Price notified Mrs. Major on April 7, 1952, that he was electing to take the property whether rezoned or not. Had he failed to comply with the terms of the contract from that time forward Mrs. Major's remedy was open to her. Likewise, mutuality of remedy existed when the bill was filed and it continued to exist under the chancellor's decree which provided for conveyance to Price " * * * upon the payment of the sum of $12,000.00 by the complainant to the defendant and the delivery to the defendant of a promissory note in the sum of $28,000.00, due and payable on or before three years after date, bearing interest at five per cent per annum, payable semi-annually, secured by a first deed of trust on said land, both of said instruments to be executed by the complainant and his wife * * * ."

Specific performance was thus required of both the purchaser and the seller, and under the modern view, mutuality of remedy was provided. 49 Am. Jur., Specific Performance, § 35, p. 49; Restatement of the Law of Contracts, Vol. II, § 372, p. 677, et seq.; *General Securities Corp.* v. *Welton*, 223 Ala. 299, 135 So. 329; *Central Land Co.* v. *Johnston*, 95 Va. 223, 225, 28 S. E. 175; *School Board* v. *Payne*, 151 Va. 240, 249, 144 S. E. 444; *Asberry* v. *Mitchell*, 121 Va. 276, 281, 93 S. E. 638.

The second question raised by appellant is whether the extension of the settlement date was invalid because of lack of consideration. Her contention is that the extension was solely for the benefit of Price and that she received no consideration therefor. This position is untenable. The letter extending the settlement date from February 19, 1952, to April 19, 1952, was signed by Mrs. Major and

accepted by Price. It was specifically made a part of the original contract of November 19, 1951, and the consideration of the original contract extends over and supports it as extended by the new agreement enlarging the time of performance. 12 Am. Jur., Contracts, § 415, p. 994.

In regard to the third question for decision it is contended that since Price did not make tender at the place designated in the contract the tender was invalid. The contract stated that settlement was to be made in the office of the E. R. Duncan Company of Alexandria, whereas Price notified Mrs. Major that settlement would be made in the office of Real Title Corporation in near-by Arlington. The record shows that Lamond, Mrs. Major's agent, was present when the settlement was tendered and that in furtherance of the settlement Lamond took the tendered settlement to the home of his principal who refused to execute the deed, saying that she was too ill.

The record clearly discloses that Mrs. Major repudiated the contract. The place of settlement had nothing to do with her refusal to execute the deed. When a contract is thus repudiated the necessity of an offer by the other party to perform is dispensed with unless such repudiation is subsequently withdrawn. 12 Am. Jur., Contracts, § 333, p. 889; *Singer* v. *Murphy*, 338 Ill. 620, 170 N. E. 777 at p. 780. Under the circumstances it would have been a useless gesture for Price to have attempted to conclude the settlement in accordance with the literal terms of the contract.

For the reasons stated the decree is

*Affirmed.*