## CIRCUIT COURT OF FAIRFAX COUNTY

Robert J. Leonard et al.

    v.

Helen A. Tasco,
Roland W. Smith,
and Robert Simms

June 10, 1988

Case No. (Chancery) 104243

By JUDGE LEWIS HALL GRIFFITH

    This matter is before the Court on the Motion for Summary Judgment/Plea in Bar filed by defendants, Helen A. Tasco, Roland W. Smith, and Robert Simms. I have carefully reviewed the pleadings and evidence, as well as the oral and written arguments presented by counsel. For the reasons specified below, defendants' motion is denied.

    By their amended bill of complaint, complainants seek, among other things, a decree of specific performance of an August 14, 1985, land sales contract, as modified by three addenda, the effect of which would be to compel defendants to convey certain property to complainants. They allege that they have performed all of the obligations required of them as purchasers under the contract, but that despite their offer and demand to proceed to settlement, defendants have refused to perform their obligations and to settle on the contract.

    By their Motion for Summary Judgment/Plea in Bar, defendants assert that whether or not they (defendants) breached their end of the bargain, complainants cannot, as a matter of law, be awarded a decree of specific performance. They cite, among a number of other cases, *Shenandoah Valley R.R. Co. v. Dunlop and Wife*, 86 Va. 346 (1889),

as authority for the rule that a court of equity cannot grant a decree of specific performance of a contract when, under the terms of that contract, there is no mutuality in remedy. *See also Shield v. Adkins*, 117 Va. 616 (1915). To encourage application of that rule, defendants point to the language of both the original contract and the second August 14, 1985, addendum which provides that "[i]f the Purchaser shall fail to [settle within ninety days], the deposit [of $500.00] shall be forfeited *and the Purchaser shall . . . be relieved from further liability hereunder.*" (emphasis added). Since, under the terms of the agreement, the sellers could not sue to compel conveyance but could only retain the earnest money deposit in the event of a buyers' breach, defendants argue that the mutuality of remedy doctrine likewise limits the buyers' remedy in the event of a sellers' breach.

In response, complainants contend that defendants' argument is based on an antiquated view of the law regarding mutuality of remedy. Instead, they assert that Virginia now recognizes the modern approach which provides that "specific performance of a contract at the instance of one party will not be denied merely because of the fact that remedy by way of specific performance is not available to the party against whom the enforcement of the contract is sought." 71 Am. Jur. 2d, *Specific Performance*, § 22 at 38 (1973) (footnote omitted). *See also* 49 Am. Jur., *Specific Performance*, § 35 at 49 (1943), and Restatement of the Law of Contracts, § 372. They cite *Major v. Price*, 196 Va. 526 (1954), to suggest that, in order to determine if mutuality of remedy exists, a court of equity sitting in Virginia must inquire whether the party seeking enforcement has performed or has done all that he can to perform his contractual obligations.

The rule that a court of equity will grant a decree of specific performance of a contract only if there is mutuality of remedy is a rule embraced by only a small minority of jurisdictions. 71 Am. Jur. 2d, *Specific Performance*, § 22. Although at first glance, Virginia appears to be in that minority, *see e.g.*, *Shenandoah Valley R.R.*, *supra*; *Shield*, *supra* and 17 M.J., *Specific Performance*, sect. 23 (Repl. Vol. 1979), there is evidence that our Supreme Court would embrace the modern view advocated by complainants.

In *Asberry v. Mitchell*, 121 Va. 276 (1917), an infant agreed to provide personal services for an adult in consideration for the conveyance of certain real property. When his obligor refused to convey the property despite the infant's full performance, the infant sued for specific performance. Although recognizing that a contract which required the rendition of personal services could not be specifically enforced while it remained executory on both sides due to the want of mutuality in remedy, *id.* at 280, the Court held that the rule was otherwise when the person seeking enforcement had fulfilled his contractual obligations. *Id.* at 281. The reason for this difference is that when the party seeking enforcement fulfills his obligation, the contract becomes mutual in both obligation and remedy; when the reason for refusing specific performance, *e.g.*, ensuring the rendition of personal services, no longer exists, mutuality in remedy is created. *Id.*

The *Asberry* rule fully comports with the modern view:

> The necessity of mutuality is one which applies primarily to executory contracts and should be limited to cases where the contract is yet executory, in part at least, on the part of the one asking specific performance, and it does not apply to contracts in which the provisions which could not be enforced specifically have been fully performed. Therefore, the doctrine that a contract wanting in mutuality will not be specifically enforced has no application if the contract has been performed by the plaintiff. For example, *the lack of mutuality cannot be set up as a defense in a suit for the specific performance of a contract to convey land, where the plaintiff fully performed the contract on his part.*

71 Am. Jur. 2d, *Specific Performance*, § 26 at 43 (emphasis added) (footnotes omitted). Moreover, in adopting the rule, the *Asberry* Court cited as its authority *Boyd v. Brown*, 34 S.E. 907 (W. Va. 1899), a modern approach decision which held that "[w]ant of mutuality is no defense, even in an action for specific performance, where the

party not bound thereby has performed all of the conditions of the contract and brought himself clearly within the terms thereof." 34 S.E. at 911 (*quoting* 2 Beach, Cont. sect. 889).

In *Major v. Price*, 196 Va. 526 (1954), the Court again endorsed the modern view when it effectively held that mutuality of remedy need not exist at the time the contract is made. In that case, the Court found that a contractual clause which rendered the contract null and void and therefore unenforceable unless the land was rezoned was inserted for the benefit of the buyer. Although lacking at the time the contract was made, mutuality of remedy was created at the time the buyer informed the seller that he would settle, notwithstanding the rezoning contingency. In essence, the buyer waived his right not to be sued for specific performance. At that time and when he later sought enforcement, he created mutuality of remedy. As the Court itself noted, "[s]pecific performance was thus required of both the purchaser and the seller, and *under the modern view*, mutuality of remedy was provided." *Id.* at 530 (*citing* 49 Am. Jur., *Specific Performance*, sect. 35 at 49, and Restatement of the Law of Contracts, sect. 372) (emphasis added; other citations omitted).

Consequently, although *Shenandoah Valley R.R.*, *Shield*, and the other cases upon which defendants rely support the view that mutuality of remedy must exist before specific performance may be decreed, and although those cases have never been expressly overruled, I find that our Supreme Court would embrace the modern approach urged by complainants.

In the case at bar, I must view the allegations and evidence in a light most favorable to complainants for they are the parties opposing the motion. Other than defendants' general denials in their Answer, I find that complainants' allegations remain unrefuted by the evidence presented to me; they allege that they fully performed their part of the contract and that, other than actually settling the contract which they have tried to do, nothing whatsoever remains for them to do. Thus, under the modern approach described above, I find at this juncture that, at the time complainants offered to settle the contract and at the time they filed their original Bill of Complaint, there was no want of mutuality in remedy. A decree of

specific performance, if warranted by the evidence to be adduced at trial, would operate effectively against both parties and give to each the benefit of the bargain for which they contracted.