# CIRCUIT COURT OF FAIRFAX COUNTY

Marc A. Busman,
Substitute Trustee

     v.

Beeren & Barry
Investments, L.L.C.

December 12, 2005

Case No. (Law) 2005-002650

BY JUDGE ARTHUR B. VIEREGG

This case came before me on Beeren & Barry Investments, L.L.C.'s demurrer. I heard arguments in this case on November 18, 2005. My decision follows.

*Background*

On April 5, 2001, Aurelio and Hugo Garcia conveyed a condominium in trust to trustee Paul W. Hammack to secure a debt for beneficiary Xavier Guerra. On November 27, 2003, under authority of the deed of trust and at the behest of Xavier Guerra, Plaintiff Marc A. Busman was appointed as substitute trustee.

On March 4, 2004, Busman conducted a foreclosure sale of the condominium. Defendant Beeren & Barry Investments, L.L.C. ("Beeren") made the highest bid, $101,000. The parties signed a Memorandum of Sale; Beeren tendered a $10,000 deposit. Closing was to occur within thirty days.

On April 1, 2004, Beeren notified Mr. Busman that it would not close on the condominium. Mr. Busman thereafter conducted a second foreclosure sale. The property was sold for $52,000.

On May 4, 2005, Mr. Busman filed this action against Beeren alleging breach of contract and seeking damages, *inter alia*, for the difference between the $101,000 bid and the later $52,000 foreclosure sale price. Beeren filed a demurrer contending that, even if Mr. Busman's allegations were admitted, his action was legally unmeritorious.

## *Decision*

A demurrer tests the legal sufficiency of the claims stated in the pleading challenged. *Dray v. New Market Poultry Prods., Inc.*, 258 Va. 187, 189, 518 S.E.2d 312 (1999); *see* Va. Code § 8.01-273 (2005). On demurrer, the court must deem as admitted all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts. *Cox Cable Hampton Roads, Inc. v. Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652 (1991). The sole question to be decided by the court is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123 (2001).

Beeren advances three arguments in support of its contention that Mr. Busman's motion for judgment is legally deficient:

1. That Mr. Busman lacks authority under the deed of trust to sue a foreclosure sale purchaser for a breach of a foreclosure sale agreement;

2. That Mr. Busman lacks authority to sue Beeren without joinder of the beneficiary of the note secured by the deed of trust, the nonpayment of which occasioned the foreclosure;

3. That the agreement reached between Mr. Busman and Beeren was void and unenforceable because it lacked mutuality.

I shall address these issues in the order they are listed above.

## *1. Mr. Busman's Authority to File Suit*

The grantor's delegation in a deed of trust of authority to a trustee confers not only the powers expressly denominated in the deed of trust but also those necessarily implied by the language in the deed of trust. *Ward v. NationsBank*, 256 Va. 427, 435, 507 S.E.2d 616 (1998). "Although not explicitly identified in the trust agreement, authority to take certain actions may be implied if the

intention to create such power is evident, the power may be appropriate or necessary to carry out the purposes of the trust power, and the power is not forbidden by the trust agreement." *Id.*

The deed of trust here vests the trustee with the power to sell the real property conveyed as security for the beneficiary's loan. Such a "power of sale" necessarily implies the power to sue a third party breaching a contract of sale. Without such a corresponding, implied right to bring suit for breach of contract, a sale pursuant to such authority could not be enforced and would be ineffectual. *Cf. Ward,* 256 Va. at 435 (permitting courts to imply powers where they are necessary to carry out other powers). The first ground of Beeren's demurrer is rejected.

### 2. Mr. Busman's Standing to File Suit

Beeren next contends that Mr. Busman, as trustee, does not have standing to sue Beeren as defaulting purchaser. In effect, Beeren contends that since Mr. Busman is suing on behalf of Xavier Guerra, the beneficiary of the trust, it is at least necessary for Guerra to join in the suit.

In *Poage v. Bell,* the Supreme Court of Virginia held that a trust beneficiary may not maintain an action against a third party alleged to have converted trust property. 35 Va. (8 Leigh) 604, 606-07 (1837). Specifically, the Court held that such an action "was *only* maintainable in a court of law by the plaintiff's trustee." *Id.* at 607. Plaintiff, relying on *Poage,* asserts that as trustee, he is holder of legal title of real estate subject to a deed of trust with standing to sue.

Defendant does not deny this assertion, *per se,* but rather claims that Busman has no standing because there may be other potential, unidentified beneficiaries of the sale of the property. Defendant argues it is they, as the true injured parties, and not Busman, who have standing to sue. This claim, raised for the first time in Defendant's supplemental brief, appears baseless. Even if it is not, it is certainly a matter that may be ferreted out during the discovery process, and, as such, is not an appropriate ground on which to sustain a demurrer.

Although there appear to be few cases addressing this issue of standing, I find Mr. Busman's argument persuasive. While there are cases in which beneficiaries have joined with trustees in suing breaching foreclosure sale purchasers, *see e.g., Yaffe v. Heritage Sav. & Loan Ass'n,* 235 Va. 577 (1988), Defendant presents no authority for the proposition that a trustee is without authority to sue alone to enforce foreclosure sale contracts. Indeed, the language of *Poage,* implies that such a suit is "only maintainable" by such a trustee. *See* 35 Va. (8 Leigh) 607. Accordingly, this ground of Beeren's demurrer is also overruled.

*3. Lack of Mutuality of Contract*

The last issue presented is whether the Memorandum of Sale executed between Mr. Busman, as trustee, and Beeren, as foreclosure sale purchaser, lacked mutuality because the contract's limitation clause negates any remedy against the trustee should he elect not to perform the foreclosure sale agreement.

"Mutuality of contract as now commonly understood should properly be taken to be sufficiently complied with when there are promises on each side that something shall be done for the benefit of the other side furnishing therefor considerations by each party, although they may relate to different terms of the contract and may be conditioned upon performance by the other party." *C. G. Blake Co. v. W. R. Smith & Son, Ltd.*, 147 Va. 960, 971-72, 133 S.E. 685 (1926). In plainer language, "neither party is bound unless both are bound." *American Agric. Chem. Co. v. Kennedy & Crawford*, 103 Va. 171, 176, 48 S.E. 868 (1904); *accord* 17A Am. Jur. 2d, § 23 (2005). Thus, "if it appears that one party was never bound on its part to do the acts which form the consideration for the promise of the other, there is a lack of mutuality of obligation and the other party is not bound." *First Sec. Bank, N.A. v. Murphy*, 131 Idaho 787, 791, 964 P.2d 654 (1998).

In *American Agriculture Chemical Co.*, the Supreme Court held a contract for the sale of fertilizer to lack mutuality because of the following provision which stated that the seller:

> Reserved the right to cancel this contract at any time we may deem proper, but, in the event of such cancellation, the provisions of this contract shall govern the closing of all business begun thereunder.

103 Va. at 174.

The Court stated that, as the plaintiff had the right to cancel at any time, the plaintiff never bound himself to the sale. *Id.* at 178. Absent "such obligation on the part of the plaintiff, and of such right on the part of the defendants, there never was a binding engagement between the parties which a court of law would enforce." *Id.*

Similarly, in the case at bar, pursuant to the Memorandum of Sale, Mr. Busman agreed to convey title to the subject condominium to Beeren as the highest bidder; and Beeren, consistent with its bid, agreed to pay $101,000 for

the property. The Memorandum of Sale, however, contained the following clause, which is the basis for Beeren's position that it is unenforceable. In relevant part, that clause states:

> Buyer's sole remedy in law or at equity in the event of Trustee's default shall be a refund of the deposit hereby received and upon the delivery of the deposit refund, this agreement and the sale contemplated by this Memorandum of Sale shall be null and void.

Thus, by this clause,[1] Mr. Busman frees himself of any obligation to perform his contract with Beeren. *Cf. American Agric. Chem. Co.*, 103 Va. at 176. Since the agreement, with this clause, binds only one party, the contract lacks mutuality and will not be enforced. *See id.* at 178.

In addition, the Court rejects Mr. Busman's argument that the limitation clause does not destroy mutuality but merely limits Beeren's remedy to the recognized measure of damages for a purchaser's breach of a contract for sale of real estate: the return of the purchaser's deposit. First, the normal measure of damages for a seller's breach of contract to convey realty includes not only the return of the deposit, *but also interest thereon. See, e.g., Shepherd v. Davis*, 265 Va. 108, 124, 574 S.E.2d 514 (2003). Pursuant to the above clause, Mr. Busman was not required to pay interest which interest might have constituted consideration. Therefore, this contention by Mr. Busman is without merit.

Further, a purchaser possesses other remedies at law for breach of a contract for the sale of land which this clause obviates. For example, a purchaser entering into a valid contract for the sale of land traditionally may seek specific performance. *See, e.g., Rison v. Newberry*, 90 Va. 513, 519-20, 18 S.E. 916 (1894). But this clause would vitiate that remedy. Thus, for the reasons discussed herein, Beeren's demurrer is sustained with prejudice.

---

[1] While this case is arguably different because Busman uses a limitations clause to accomplish the practical effect of the clause in *American Agriculture Chemical Co.*, the end result is the same, and the Court refuses to endorse such a formalistic distinction. Were the Court to hold otherwise, Busman would circumvent the requirement that each party to a contract yield consideration for the other's promise. *See American Agric. Chem. Co.*, 103 Va. at 176.