## CIRCUIT COURT OF LOUDOUN COUNTY

John F. Sayres

v.

The Wheatland Group, L.L.C., et al.

November 13, 2009

Case No. CL56160

BY JUDGE THOMAS D. HORNE

Plaintiff has moved for partial summary judgment as to Counts I and II of the First Amended Complaint. In Count I, he argues that the contract for the construction and sale of a home that is at issue in this case is void, invalid, and unenforceable. It is his contention, alleged in Count II, that he is entitled to rescission and cancellation of the same contract in that it lacks consideration, mutuality of obligation, and mutuality of remedy. Consistent with the position that he takes concerning his challenge to the validity of the contract, the plaintiff has demurred to defendants' counterclaim that is based upon the same agreement.

Defendant has challenged the position of the plaintiff and, by way of a counterclaim, seeks specific performance of the contract of sale.

Plaintiff contracted with defendant Wheatland Group, L.L.C., of which defendant, Joseph Evangelisto, is the manager and sole member. Plaintiff entered into the agreement with defendants by which Wheatland Group, L.L.C., would construct a home for sale to them at an agreed upon price. The portion of the contract that is germane to a consideration of the instant motion and demurrer is the following:

> 13. *Default*: If Buyer fails to comply with this contract, Buyer will be in default, and Seller may either (a) enforce specific performance, seek such other relief as may be provided by law,

or both, or (b) terminate this contract and retain the entire deposit specified in paragraph 3A as liquidated damages, thereby releasing both parties from this contract. If, due to factors beyond Seller's control, Seller fails within the time allowed to make any non-casualty repairs or deliver the Commitment, the Closing Date will be extended as necessary. If Seller fails to comply with this contract for any other reason, Seller will be in default and Buyer may, as Buyer's *sole and exclusive remedy*, terminate this contract and receive from Seller the deposit less any changes to plan, specifications, decorative finish schedule, or change orders, as agreed liquidated damages, thereby releasing both parties from the contract.

(Emphasis added.)

For purposes of ruling on the motion and demurrer, the Court will assume the verity of the defendants' allegations that Wheatland had completed its obligation to construct the home in accordance with the agreement, an occupancy permit had been obtained, and that the plaintiff declined the request to settle.

In an action for damages arising out of a contract to convey real estate by a trustee acting under a deed of trust to a defaulting purchaser, the trial court observed:

[m]utuality of contract as now commonly understood should properly be taken to be sufficiently complied with when there are promises on each side that something shall be done for the benefit of the other side furnishing therefor considerations by each party, although they may relate to different terms of the contract and may be conditioned upon performance by the other party. In plainer language, "neither party is bound unless both are bound." Thus, "[i]f it appears that one party was never bound on its part to do the acts which form the consideration for the promise of the other, there is a lack of mutuality of obligation and the other party is not bound."

*Busman v. Beeren & Barry Investments, L.L.C.*, 69 Va. Cir. 375 (2005) (authorities omitted).

Thus, the clause in the memorandum of sale by the trustee to the defaulting purchaser was found by the court to be lacking in mutuality and unenforceable by the trustee. That memorandum provided, "[b]uyer's sole

remedy in law or at equity in the event of Trustee's default shall be a refund of the deposit hereby received and, upon the delivery of the deposit refund, this agreement, and the sale contemplated by this Memorandum of Sale shall be null and void." *Id.*

As noted by the judge, "by this clause, [the trustee] frees himself of any obligation to perform his contract with [the purchaser], [and] since the agreement, with this clause binds only one party, the contract lacks mutuality and will not be enforced." *Id.* Like the provision in the instant contract, the trustee was under no obligation to pay interest on the deposit, which interest, "might have constituted consideration." *Id.*

Contrariwise, the trial court in *Leonard v. Tasco*, 20 Va. Cir. 534 (1988), permitted a party to seek specific performance of a land sales contract despite a contractual limitation imposed on the seller, that, in the event of the purchasers' failure to settle within the time prescribed in the agreement, the deposit would be forfeited and purchaser would "be relieved from further liability hereunder." Purchasers had argued that the seller's reliance upon a lack of mutuality of remedy limits to bar specific performance was:

> [B]ased upon an antiquated view of the law regarding mutuality of remedy and that Virginia law now recognized the modern approach which provides that specific performance of a contract at the instance of one party will not be denied merely because of the fact that remedy by way of specific performance is not available to the party against whom the enforcement of the contract is sought.

*Id.* (authorities omitted).

In finding specific performance to be a remedy available to the plaintiff, the trial judge noted the viability of the application of the equitable principle of performance to afford relief where the contract lacks mutuality of remedy at its inception.

Defendants, counterclaimants, seek to apply equitable principles in seeking specific performance of the contract. The disposition of the instant motion for partial summary judgment and demurrer is controlled, at this stage of the proceedings, by the defendants' assertion that they are entitled to equitable relief in that they had fully performed and called for settlement.

When considering a challenge to the mutuality or remedies within the context of an infant's contract with an adult, the Supreme Court of Virginia posited the following question:

[t]he remaining question is, whether or not an infant can compel specific performance of a contract for the sale of land made with an adult, based on the consideration that he should pay all expenses of the latter at a hospital and maintain him during his natural life, which covenants the infant had performed.

*Asberry v. Mitchell*, 121 Va. 276, 280 (1917).

Although arguably the Court in *Asberry* addressed the peculiar role of equity in enforcing personal service contracts by infants, the *ratio decidendi* of the decision is found in the following: "[a]t the time of the institution of the suit, appellee (the infant) having fully performed the contract on his part, there was no want of mutuality of obligation and remedy, and specific performance was rightly decreed." *Id*. at 283.

Although the application of this equitable principle to avoid contractual obligations based upon lack of mutuality of remedy may, at first, seem inconsistent with earlier precedent; it is not. See, *Shenandoah Valley RR. v. Dunlop*, 86 Va. 346 (1889). In *Shenandoah Valley*, the parties had entered into a contract for the conveyance by Mr. Dunlop and his wife of a right of way across their lands for railway construction. A deed was executed conveying the right of way but reserving to the owners crossings not provided for in the contract. Although principally a case involving reformation of the deed, the issue of mutuality of remedy was raised. The Court noted that:

[i]t is a fundamental rule in equity that a contract, to be specifically enforced, must, in general, be mutual in its obligation and in its remedy, and it must be mutual *ab initio*. If therefore, from the personal incapacity (the wife having not signed the contract and being *feme covert*, could not have the contract enforced as to her) of one of the parties, or other cause, the contract, when concluded, is not enforceable against such party, no subsequent act or event can render it capable of enforcement against either party. In other words, it must be enforceable originally, or not at all.

*Id*., at 349.

Moreover, despite the alleged completion of the railroad across the property, the Court observed that, "[i]t is not alleged, however, that possession was taken by the defendant (railroad) corporation under the contract, but the allegation, in substance, is that possession was taken, and that the railroad was constructed through the complainants' lands, under *the deed*." *Id*., at 348.

Thus, although the doctrine of mutuality of remedies may be alive and well in Virginia in actions at law for damages, that is not the case where, despite a lack of mutuality of remedy at the time the contract was formed, complete performance may, if shown, afford a party specific performance of the contract for the sale of land. *Cf.*, *American Agriculture Co. v. Kennedy*, 103 Va. 171 (1904) (action in assumpsit); *Busman v. Beeren & Barry Investments, L.L.C.*, 69 Va. Cir. 375 (2005) (action for breach of contract and damages).

Accordingly, the Court will deny the motion for partial summary judgment and overrule the demurrer without prejudice to raise the issue of want of mutuality and consideration at trial. It is unnecessary that the Court take up the argument of the defendants concerning approbation and reprobation.

The case will be continued.