## Richmond

CARL JESSEE

V.

DANA (MRS. LARRY) SMITH

June 12, 1981.

Record No. 791241.

Present: Harrison, Poff, Compton, Thompson, J.J., and Harman, S.J.

*J. R. Tiller (Popp, Tiller & Schenker,* on brief), for appellant.
No brief or argument for appellee.

PER CURIAM.

Carl Jessee instituted this action against Dana Smith, seeking $2,673.26 for labor performed pursuant to an oral contract. The trial court sustained Smith's motion to strike Jessee's evidence of the contract on the grounds that there had been no meeting of the minds concerning the price for the labor involved and that the price Jessee claimed was "exorbitant" and, hence, contrary to public policy. The court, however, submitted the case to the jury on the basis of *quantum meruit,* and the jury returned a verdict for Jessee in the amount of $840.00. On appeal, Jessee challenges the trial court's ruling striking the evidence of the oral contract.

Jessee, a carpenter, provided the following account of his negotiations with Smith, the owner of two clothing stores. Smith and Brenda Garrett, manager of Smith's store in Norton, asked Jessee if he would do the finishing work on the interior of that store. Jessee declined to accept a price of "cost plus ten percent". When approached again by Garrett, he offered to perform the work for "cost plus plus twenty-five percent". He explained to Garrett that Smith would have to pay for the materials and, in addition, would have to pay him that amount plus 25% of that amount for his labor. After calling Smith at home, Garrett told him Smith had said "to go ahead and start on Monday". When Jessee had completed most of the work, he presented Smith a labor bill of $2,673.26, representing 125% of the cost of the materials. Contending there had been a misunderstanding concerning the labor charge, Smith refused to pay.

Smith, called as an adverse witness, disputed Jessee's account. According to Smith, Jessee had never characterized the contract as "cost plus", and he and she had agreed that the cost of the labor would be 25% of the cost of the materials. When Jessee presented his bill, Smith refused to pay and offered instead to pay 25% of the materials' cost and $100.00 for gas and to give him two stuffed animals (polar bears) worth approximately $90.00.

Witnesses knowledgeable in the customs of the trade testified that a "cost plus ten percent" contract contemplated a labor charge of 110% of the materials' cost and that a "cost plus 25%" contract for interior finish work was reasonable.

■ We agree with Jessee's contention that the trial court erred in granting Smith's motion to strike the evidence of the oral contract. In ruling as a matter of law that there had been no meeting of the minds as to the price for Jessee's services, the trial court usurped the function of the jury. It is true that "[w]here . . . the material facts concerning the formation of an alleged contract are not in dispute, the issue of contract *vel non* is a question of law" to be decided by the court. *Valjar, Inc.* v. *Maritime Terminals,* 220 Va. 1015, 1018, 265 S.E.2d 734, 736 (1980). Where, however, "doubt exists as to the character, or, indeed, the presence or lack of representations, the determination of the precise nature and extent of the representations is a question for the jury." *Mullins* v. *Mingo Lime, Etc., Co.,* 176 Va. 44, 48, 10 S.E.2d 492, 493 (1940).

Doubt exists here because the material facts are in dispute. Jessee testified that he had offered to perform the work for "cost plus plus twenty-five percent"; that he had explained to Garrett that this meant that Smith would have to pay for all the materials and then, for his services, would have to pay him that amount of money, plus 25% of that amount; and that Smith had accepted his offer. Smith denied she had agreed to such terms, but Garrett was never called to contradict Jessee's testimony. If the jurors believed Jessee's testimony, they could have concluded that an agreement had been reached. Because the material facts concerning the formation of the alleged contract were in dispute, the trial court erred in holding as a matter of law that there had been no meeting of the minds.

■ We are also of opinion the trial court erred in ruling that the contract was unenforceable on the ground of public policy. "[T]he law looks with favor upon the making of contracts between

competent parties upon valid consideration and for lawful purposes, and 'courts are averse to holding contracts unenforceable on the ground of public policy unless their illegality is clear and certain.' " *Ryan v. Griffin,* 199 Va. 891, 895, 103 S.E.2d 240, 244 (1958), quoting *Wallihan v. Hughes,* 196 Va. 117, 125, 82 S.E.2d 553, 558 (1954). The trial judge reasoned that the contract was unenforceable because the labor charge was "exorbitant". In cases involving sales of goods, some courts have been willing to examine the adequacy of the consideration in determining whether the transaction was "unconscionable" under Uniform Commercial Code § 2-302. *See* Annot., 18 A.L.R.3d 1305 (1968 & Supp.). The general rule, however, is that "parties to transactions are free to fix their own valuations", Restatement (Second) of Contracts § 81 comment c (Tent. Draft No. 2 1965), and courts will not inquire into the adequacy of consideration, particularly when one or both of the values exchanged are variable or otherwise difficult to measure. That one party rues the bargain he struck does not excuse his performance. "Courts cannot relieve one of the consequences of a contract merely because it was unwise." *Owens v. Owens,* 196 Va. 966, 974, 86 S.E.2d 181, 186 (1955).

Where, of course, the consideration is so inadequate as to shock the conscience of a court of equity, the chancellor should scrutinize the transaction for actual or constructive fraud or duress. *Jackson v. Seymour,* 193 Va. 735, 741, 71 S.E.2d 181, 185 (1952). But this is a case at law, and we find nothing in this record to suggest fraud or duress. Both Jessee and Smith were experienced in business and capable of making their own valuations of the services Jessee was to provide. It was error for the trial court to substitute its value judgment for theirs.

Because the trial court failed to submit the contract question to the jury, we will reverse the judgment and remand the case for a new trial, if the parties be so advised.

*Reversed and remanded.*