# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

James Donald Knoxville

> v.

Victoria W. Phillippe et al.

June 12, 1991

Case No. CH90-191

By JUDGE WILLIAM H. LEDBETTER, JR.

In this case, the question presented is whether the complainant has an ownership interest in The Recreation Center, a commercial venture in which he claims to be a partner with the defendants.

*Facts*

In April of 1989, Knoxville and Phillippe signed a "Sales Agreement" by which they purchased a business known as The Recreation Center located on William Street in Fredericksburg. Although nothing in that document explains the type of entity Knoxville and Phillippe were creating, and no formal organizational papers were ever prepared, the parties agree that the entity is a partnership, and they have treated it as such throughout this litigation. Further, *see* Virginia Code § 50-6(1) and Section 50-7.

Knoxville and Phillippe then transferred a one-half interest in the business to Perry and his wife, Lillian. The agreement by which that was done is dated July 26, 1989.

On August 7, 1989, Phillippe and Lillian Perry signed a "Purchase/Sale Agreement" by the terms of which Phillippe purchased Lillian Perry's interest in the business. Knoxville and Perry also executed the agreement, apparently acknowledging and acceding to the transfer.

The document that is the centerpiece of this controversy is dated September 1, 1989. In it Knoxville "irrevocably transfers" his interest in the business to Phillippe and relinquishes "all rights, claims and interest" in the business. Knoxville does not deny that he signed the agreement, and he does not quibble over the meaning of the words used in it. However, he contends that the writing is a sham, intended to shelter his interest in the business from potential claims of creditors. Further, he argues that because the consideration allegedly paid by Phillippe took the form of payment of certain of his gambling debts, the agreement fails for lack of consideration.

After the agreement was signed, Phillippe assumed all managerial responsibilities, maintained exclusive control of the books and records, and barred Knoxville from the premises. This litigation ensued.

## Pleadings and Proceedings

In his bill of complaint, Knoxville alleges that he is a partner in the business with Phillippe and Perry and that Phillippe is mismanaging the business and wrongfully denying him access to the records. He seeks injunctive relief, an accounting, appointment of a receiver, dissolution, and return of items used in the business that he claims are his separate property.

Phillippe filed an answer and cross-bill. In her cross-bill, she asks that Knoxville be restrained from "further interference" with the business.

Perry filed an answer in which he professed ignorance of most of the facts giving rise to the dispute between Knoxville and Phillippe, but he specifically denies that Knoxville owns the items claimed by Knoxville in his bill.

Knoxville responded to Phillippe's cross-bill.

On January 3, 1991, Knoxville filed a motion for the appointment of a receiver for the business and for injunctive relief during the pendency of the suit. The court heard the motion on January 10, 1991, and denied

the relief. However, by order entered on February 11, 1991, the court did impose restrictions upon Phillippe's expenditure of partnership funds and required her to maintain proper accounts.

Phillippe moved the court to direct an issue out of chancery for the purpose of ascertaining whether Knoxville owns any interest in the business. Because that issue is, without question, the threshold issue in the case and because that issue must be resolved by reference to irreconcilably conflicting evidence, the court granted the motion.

The court directed an issue out of chancery pursuant to Virginia Code § 8.01-336(E) and on May 2, 1991, the following inquiry was submitted to a jury:

> Whether by the paper writing dated September 1, 1989, Mr. Knoxville and Ms. Phillippe intended that Mr. Knoxville transfer his interest in The Recreation Center to Ms. Phillippe.

(The parties agreed to the phrasing of the inquiry. However, Knoxville requested a second inquiry which would address the adequacy of the consideration that Phillippe says she paid for Knoxville's interest in the business. The court declined to submit that issue to the jury, ruling that the real issue is the validity, not the adequacy or sufficiency, of consideration and is a matter of law; and, in any event, the court did not deem it necessary or proper to submit that issue to the jury under Section 8.01-336(E) because the evidence on that particular issue is not in the same sort of irreconcilable conflict.)

After a full-day trial, the jury deliberated less than half an hour and returned a verdict finding that Knoxville and Phillippe "intended that the paper writing would transfer Mr. Knoxville's interest in The Recreation Center to Ms. Phillippe."

No judgment was entered on the verdict. Instead, the court gave counsel the opportunity to submit memoranda on whether the court should accept the jury's verdict and what further action should be taken in this litigation. The memoranda have been filed. This opinion addresses those matters.

*Decision*

(1) The Issue Out of Chancery.

As noted above, the court granted Phillippe's motion to direct an issue out of chancery regarding the efficacy of the paper writing dated September 1, 1989, and that issue was submitted to a jury on May 2, 1991. The jury returned a verdict favorable to Phillippe.

The jury's findings in an issue out of chancery are not binding but are merely advisory, informing the conscience of the chancellor. *Nelms v. Nelms*, 236 Va. 281 (1988). But the verdict is persuasive and, as a general proposition, it is "good practice" for the chancellor to abide by the verdict. *Harris v. Citizens Bank & Trust Co.*, 172 Va. 111 (1939); Bryson, *Handbook on Virginia Civil Procedure* (2d Ed., 1989) p. 315.

In this case, the court has no difficulty in acknowledging the persuasive impact of the jury's decision. Phillippe contended at trial that the September 1, 1989, agreement represented the parties' genuine intention that she take over Knoxville's interest in the business in consideration for her payments on certain of his gambling debts, a payment of cash to him, and the assumption of the debts and obligations associated with the business. She presented evidence in support of that position. Knoxville contended at trial that no consideration passed hands and that the parties never intended for the writing to be binding. Instead, he said, the pretended transfer of his interest in the business was a sham, subterfuge, or ruse, concocted by the parties to shelter his interest in the business from potential claims arising out of an automobile accident in which he was involved. He presented evidence in support of that position. After receiving instructions from the court and hearing arguments of counsel, the jury deliberated and returned a verdict, in response to the court's inquiry, finding that the September 1, 1989, agreement was intended by the parties to do what it says.

Having heard the evidence, including the conflicting testimony of Knoxville and Phillippe, the chancellor agrees with the jurors. Judging the credibility of the witnesses and weighing their testimony, the court is satisfied that

Phillippe has established the validity of the writing by which Knoxville transferred his partnership interest in the business to her.

The court being of the opinion that the jury verdict, albeit advisory, ought to be followed, the court holds that the September 1, 1989, agreement was intended by the parties to transfer Knoxville's interest in the business to Phillippe.

## (2) Consideration

It is elementary that every promise or agreement, in order to be enforceable, must be supported by consideration. The consideration need not be "adequate." Although insufficient consideration may be indicia of fraud, mistake, incapacity, or the like, courts ordinarily do not concern themselves with the relative values exchanged or the wisdom of the agreement. *Jessee v. Smith*, 222 Va. 15 (1981). Actually, adequacy of consideration is not an issue in this case. Rather, Knoxville contends that payment by Phillippe of his gambling debts is illegal consideration and, therefore, no consideration at all.

Knoxville is correct that consideration which is not legally enforceable is no consideration at all. 4B M.J., *Contracts* § 37. However, the court is of the opinion that that principle is inapposite here.

First, the testimony at trial indicates that Phillippe paid cash to Knoxville in addition to the money which she says she paid to his gambling creditors. Although Knoxville disputed that assertion and the specific question was not submitted to the jury, the chancellor does not need the advisory opinion of a jury under § 8.01-336(E) to conclude that Phillippe's evidence on this point is cogent and persuasive. Therefore, the transfer is supported by lawful consideration without regard to Phillippe's payments to Knoxville's gambling creditors.

Second, Phillippe's payment of Knoxville's gambling debts is not illegal or immoral. While the original debts may have been uncollectible in courts of law because of their illegality, Phillippe's payments to satisfy those debts for Knoxville is only indirectly and remotely connected with violation of the law. The purpose of the principles of contract law relating to the unenforceability of gambling

debts is to keep the courts out of the business of aiding those who would invoke their assistance to enforce contracts made in violation of law. Where, as here, a third party comes to the rescue of one of the parties to an illegal contract and suffers a detriment by paying off the debt of such party in exchange for a transfer of property, the party whose debts have been paid cannot be heard to argue that the payment of his debts is illegal consideration for the exchange. Phillippe suffered a detriment, which is valid consideration. She had nothing to do with Knoxville's gambling debts, and her act of paying them off for him does not aid or promote the illegal activity of gambling.

Finally, the writing dated September 1, 1989, is not an executory agreement but a transfer document. It contains no promises; instead, it acknowledges that promises had been made and kept, and that in consideration thereof, Knoxville transferred his interest in the business to Phillippe.

For these reasons, the court finds that the transfer is valid and enforceable. An issue out of chancery is not needed to resolve the issue.

### Further Proceedings

Because Knoxville has transferred his interest in The Recreation Center to Phillippe, he is no longer a partner in the business. Because he is no longer a partner and has relinquished "all rights, claims and interest," he has no standing to seek the injunctive relief prayed for, an accounting, or a dissolution. Therefore, all of those claims will be dismissed. Because there is no evidence that Knoxville is interfering with the business at this point, Phillippe's cross-claim for injunctive relief will be dismissed without prejudice. That leaves the issue of ownership of five billiard tables which Knoxville claims as his separate property. This issue must be referred to a commissioner in chancery or, if the parties can limit testimony regarding that issue to less than three hours, the court will hear that matter ore tenus on a date to be set at the July docket call.