## POWELL MOUNTAIN JOINT VENTURE
## V.
## RONALD L. MOORE, ETC., ET AL.

Record No. 931087

June 10, 1994

Present: All the Justices

*Stephen M. Hodges (Monroe Jamison; Penn, Stuart, Eskridge & Jones, on briefs), for appellant.*

*Richard D. Kennedy (Jeffery A. Sturgill; Emmitt F. Yeary; Sturgill, Mullins & Kennedy; Yeary, Tate, Lowe & Rowlett, on brief), for appellees.*

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal from a judgment sustaining a demurrer, we determine whether the trial court erred in ruling that a party to an agreement either terminated the agreement or failed to effectively exercise the right to extend it.

Powell Mountain Joint Venture (Powell Mountain) filed a chancery suit against Ronald L. Moore, individually, and as co-executor of the estate of Royce Moore, deceased, and others (the Moores), seeking specific performance of a contract to sublease certain coal lands. The Moores demurred to the bill of complaint, the trial court sustained the demurrer, and we awarded Powell Mountain an appeal.

The case having been decided by demurrer, we must consider the facts alleged in the bill of complaint and contained in the exhibits filed therewith. The Moores are lessees under two coal mining leases (the Mining Leases) on properties in Lee County, Virginia, and Harlan County, Kentucky. Prior to September 8, 1989, the Moores initiated litigation with the lessors of the properties regarding the continued validity of the Mining Leases. On September 8, 1989, the Moores and Powell Mountain entered into an agreement whereby the Moores agreed to sublease to Powell Mountain the Mining Leases upon the satisfaction of certain express terms and conditions (the Agreement). The sublease agreement was attached to and made a part of the Agreement.

One of the conditions, set forth in Section 1(a) of the Agreement, required the Moores to resolve in their favor, on or before December 31, 1989 (the Resolution Date), the litigation pending against their lessors. The Agreement provided that, in the event the litigation is not concluded by the Resolution Date, Powell Mountain could either terminate the Agreement or

> extend the Resolution Date for up to two (2) additional six-month periods under the same terms and conditions as . . . contained [in the Agreement]. [Powell Mountain] shall advise [the Moores] in writing within thirty (30) days after the Resolution Date or within thirty (30) days after the expiration of the first six-month extension if it desires to extend the Resolution Date for an additional six-month period.

The Agreement also gave Powell Mountain the right to "waive satisfaction of any or all of the conditions" and to require the Moores, in the event of such waiver, to execute the sublease at Powell Mountain's request. The Agreement further provided that any notice or communication required or permitted by the Agreement would become effective when sent by Powell Mountain, by certified mail, return receipt requested, to Ronald L. Moore at the specified address.

On or about January 29, 1990, Powell Mountain exercised its first six-month extension. On July 6, 1990, prior to the expiration of the 30-day period to again extend, Powell Mountain's attorney wrote a letter to the Moores' attorney. In that letter, sent by regular, not certified, mail, Powell Mountain's attorney referred to prior discussion between the two attorneys, stated that Powell Mountain "will agree to extend the Agreement provided that two changes are made," and set forth the suggested changes. The Moores' attorney did not respond to the July 6, 1990 letter.

On July 26, 1990, still within the 30-day extension notification period, Powell Mountain's counsel sent a letter by certified mail to Ronald L. Moore. This letter stated the following:

> Notwithstanding my July 6, 1990, letter to [your attorney], Powell Mountain Joint Venture hereby notifies you of its election to extend the Agreement pursuant to Section 1(a), for an additional six-month period until December 31, 1990.
>
> Powell Mountain Joint Venture will continue to work with you in order to amend the Agreement to address concerns raised by both parties. Accordingly, I plan to prepare an amended agreement to send to you and [your attorney] for your review in the near future.

On December 21, 1990, Powell Mountain's attorney sent another letter by certified mail to Ronald L. Moore, stating, *inter alia*, that it "hereby exercises its right to sublease the Moore's [sic] interest in [the Mining Leases]." The Moores, however, refused to execute the sublease, and the present litigation ensued.

The trial court sustained the Moores' demurrer on two grounds. First, the court ruled that Powell Mountain terminated its right to extend the Agreement for a second six-month period because "the July 6th communication . . . was an expression of an intention

not to accept or extend the option contained in the agreement but sought new terms constituting a counter offer." We think the trial court erred in this ruling.

■ The Moores assert that "the September 8 agreement terminated on December 31, 1989, and neither party was bound to its terms during the period from January 1 through January 29." Thus, they assert, "[t]he relationship had to be a new contract and not an *extension* of the September 8 agreement . . . and Powell Mountain's July 6 correspondence was an attempt to create a new agreement." These assertions, however, are expressly contradicted by the Agreement, which states that it "shall terminate as of the Resolution Date *unless [Powell Mountain] elects to extend the term of the agreement consistent with Section 1 (a) in which case [the] agreement shall terminate after the expiration of any extensions.*" (Emphasis added.)

Powell Mountain's right to extend the Resolution Date, as set forth in Section 1(a) of the Agreement, was an integral and material provision of the contract and was fixed and determined by the parties when the Agreement was formed. Therefore, the court's "counter offer" rationale is inapplicable because the principles of offer and acceptance relate only to contract formation, and the Agreement in the present case already had been formed.

Pursuant to the Agreement, Powell Mountain had an unqualified right to extend the term of the Agreement, provided that notice was timely given. Moreover, Powell Mountain had the right to propose modification of the Agreement without forfeiting its right to extend. *See Stanley's Cafeteria* v. *Abramson*, 226 Va. 68, 72-73, 306 S.E.2d 870, 872-73 (1983). A modification cannot occur, however, without the express mutual agreement of the parties. *Id.* at 72, 306 S.E.2d at 872. Furthermore, "when one party claims that the other party has surrendered a right guaranteed by the contract, the party asserting such [surrender] must prove either passage of valuable consideration, estoppel *in pais*, or waiver of the right." *Id.* at 73, 306 S.E.2d at 873.

■ We also reject the Moores' contention that Powell Mountain's right to extend was not supported by valuable consideration. As previously noted, the extension provisions were a part of the initial agreement, and the Agreement not only recited a consideration but was based upon the parties' mutual promises. Under the circumstances, therefore, the right was supported by valuable con-

sideration. *See Major* v. *Price*, 196 Va. 526, 530-31, 84 S.E.2d 445, 448 (1954).

The trial court also ruled, in the alternative, that Powell Mountain, by its letter of July 26, 1990, failed to effectively exercise its election to extend the term of the Agreement. The court concluded that the letter "was not an unconditional acceptance on the 'same terms and conditions'," as provided in the Agreement. This ruling also is erroneous.

The first paragraph of the July 26 letter clearly and unequivocally states that Powell Mountain elects "to extend the Agreement pursuant to Section 1(a), for an additional six-month period until December 31, 1990." Nothing contained in the second paragraph makes the first paragraph ambiguous. All that the second paragraph states is that Powell Mountain "will continue to work with [the Moores] in order to amend the Agreement to address concerns raised by both parties." This expression of Powell Mountain's desire to enter into negotiations for a modification of the Agreement in no way alters or vitiates Powell Mountain's unequivocal election to extend the Agreement, as set forth in the first paragraph.

In sum, we hold that Powell Mountain effectively exercised its right to extend the term of the Agreement. Accordingly, we will reverse the trial court's judgment and remand the cause for further proceedings.

*Reversed and remanded.*