COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judge O'Brien and Senior Judge Humphreys
Argued at Richmond, Virginia


A BETTER DAY, INC.

MEMORANDUM OPINION* BY
v.        Record No. 0801-24-2        JUDGE ROBERT J. HUMPHREYS
JULY 8, 2025

HAY-BE CORPORATION


FROM THE CIRCUIT COURT OF LANCASTER COUNTY
Steven S. Smith, Judge

Barry Dorans (Wolcott Rivers Gates, on briefs), for appellant.

David D. Hudgins (David D. Elsberg; Dunton, Simmons & Dunton,
LLP; McGinley, Elsberg & Hutcheson, PLC, on brief), for appellee.


A Better Day, Inc., appeals the circuit court's judgment sustaining Hay-Be Corporation's

demurrer to Better Day's claim for declaratory judgment.  Better Day sought a declaration that it

remained a tenant under an addendum to a commercial lease that would be terminated but for the

addendum.  Better Day argued alternatively that even if the addendum were unenforceable,

Hay-Be waived its right to terminate the lease.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

In October 2013, Better Day leased commercial property from Hay-Be for use as a restaurant.[2] In October 2018, the parties renewed the lease through October 31, 2023. An addendum to the lease—Addendum C—gave Better Day the option to renew the lease in 2023 and again in 2028, each for five-year terms. The lease also had a section titled, "Damage or Destruction by Fire or Natural Causes," which provided:

> If, during the term of this lease, the building on the demised premises is destroyed by fire, natural causes, or other casualty, or so damaged thereby that it cannot be repaired with reasonable diligence within sixty (60) days, this lease shall terminate as of the date of such damage or destruction. However, if said buildings can with reasonable diligence be repaired within 60 days, said buildings shall be, by Landlord, repaired as quickly as is reasonably possible, and this lease shall remain in full force and effect; provided, however, rent shall be abated for any part of said building which is rendered unfit for occupancy for the period that such unfitness continues.

On April 19, 2022, a fire damaged the premises. The complaint does not state the extent of the damage, but Better Day was unable to operate its restaurant after the fire. On May 12, 2022, the parties executed an addendum to the lease—Addendum E. The addendum contains one provision: "Should A Better Day, Inc. decide to keep current lease in effect, Hay-Be Corp shall keep lease in effect with no required rent payments until tenant re-opens."

---

[1] When reviewing a decision sustaining a demurrer, "we accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018). We also accept as true "the facts that are revealed by the exhibits attached to the [complaint], and the facts that reasonably may be inferred from those sources." *Goode v. Burke Town Plaza*, 246 Va. 407, 408 (1993).

[2] The original tenant named in the lease was A Better Day, LLC. With Hay-Be's consent, A Better Day, LLC, assigned the lease to A Better Day, Inc., in November 2013. "Better Day" in this opinion means A Better Day, Inc., unless otherwise specified.

Hay-Be never repaired the property and Better Day has been unable to reopen its restaurant. In August, 2023, Better Day requested an update from Hay-Be on the status of the repairs and expressed its intent to renew the lease upon receipt of the update. Hay-Be responded that the lease had terminated under the casualty clause because the property could not be repaired with reasonable diligence within 60 days of the April 2022 fire. Hay-Be additionally declined to renew the agreement. Better Day then asserted that Addendum E modified the lease to give Better Day the right to keep the lease in effect until the property was repaired and Better Day could reopen. Pursuing this theory, Better Day asserted that it was exercising its option to renew the lease.

Better Day filed this action in December 2023 seeking a judgment declaring: the lease was still in effect; Better Day was the tenant for a five-year term beginning November 1, 2023; Hay-Be did not have the right to terminate the lease; and Better Day was not required to pay rent until it was able to reopen for business. Better Day asserted that Addendum E either modified the casualty clause or, alternatively, that Hay-Be had waived its right to terminate the lease based on the fire by signing Addendum E. Hay-Be demurred, arguing the lease terminated 60 days after the fire under the casualty provision, Addendum E was unenforceable as a modification to the lease because it was not supported by consideration, and Addendum E was unenforceable because it was insufficiently definite.

The circuit court sustained the demurrer. At a hearing, the court found that Hay-Be "has the right to terminate the lease" and there had been no "waiver." The court dismissed Better Day's claim with prejudice.

Better Day appeals the circuit court's judgment. Better Day argues that Addendum E was supported by consideration, Addendum E is sufficiently definite to be enforceable, and Hay-Be waived its right to terminate the lease by signing Addendum E.

- 3 -

ANALYSIS

We review de novo the circuit court's judgment sustaining a demurrer. *Theologis v. Weiler*, 76 Va. App. 596, 603 (2023). "The purpose of a demurrer is to determine whether the pleading and any proper attachments state a cause of action upon which relief can be given." *Young-Allen v. Bank of Am.*, 298 Va. 462, 467 (2020) (quoting *Steward v. Holland Family Props., LLC*, 284 Va. 282, 286 (2012)). "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Seymour v. Roanoke County Bd. of Supervisors*, 301 Va. 156, 164 (2022) (quoting *Coutlakis v. CSX Transp., Inc.*, 293 Va. 212, 216 (2017)). Thus, "[a] circuit court 'is not permitted on demurrer to evaluate and decide the merits of the allegations set forth in a . . . complaint.'" *Id.* (second alteration in original) (quoting *Riverview Farm Assocs. Va. Gen. P'ship v. Bd. of Supervisors*, 259 Va. 419, 427 (2000)). "In deciding whether to sustain a demurrer, the sole question before the trial court [and before this Court on appeal] is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against a defendant." *Pendleton v. Newsome*, 290 Va. 162, 171 (2015).

"In cases of actual controversy, circuit courts . . . have [the] power to make binding adjudications of right" through declaratory judgments. Code § 8.01-184. "Controversies involving the interpretation of deeds, wills, and other instruments of writing . . . may be so determined . . . ." *Id.* "[T]he general rule is that in an action for a declaratory judgment, if the plaintiff's pleading alleges the existence of an actual or justiciable controversy it states a cause of action and is not demurrable." *First Nat'l Trust & Sav. Bank v. Raphael*, 201 Va. 718, 721 (1960). Even so, "where it is plain on the record that there is no basis for declaratory relief, a demurrer is properly sustained." *Id.*; *accord County of Chesterfield v. Town & Country Apartments & Townhouses*, 214 Va. 587, 590 (1974) ("[A]lthough a motion for declaratory

judgment may allege the existence of an actual or justiciable controversy, it should be dismissed upon demurrer if it fails to show a right to executory or declaratory relief.").

"[W]e consider the facts stated in the motion for declaratory judgment, and those reasonably implied and inferred, in a light favorable to [Better Day], the party against whom the demurrer was filed." *Blake Constr. Co./Poole & Kent v. Upper Occoquan Sewage Auth.*, 266 Va. 564, 571 (2003). "But we are not bound by the pleader's conclusions of law that are couched as facts." *Theologis*, 76 Va. App. at 600. And "[w]e consider *de novo* . . . the sufficiency of the trial court's legal conclusions made as to those facts." *Blake Constr.*, 266 Va. at 571.

## I.  Addendum E was not supported by consideration.

Hay-Be argues that the parties exchanged no consideration to support Addendum E and therefore it is not an enforceable agreement.[3] Whether a "contract exists is a pure question of law, to which we apply a de novo standard of review." *Spectra-4, LLP v. Uniwest Com. Realty, Inc.*, 290 Va. 36, 42 (2015) (quoting *Mission Residential, LLC v. Triple Net Props., LLC*, 275 Va. 157, 161, (2008)).

"It is a fundamental principle of the law of contracts that every simple promise or agreement, in order to be enforceable, must have a consideration to support it . . . ." *Southern Ry. Co. v. Willcox*, 98 Va. 222, 224 (1900). "Contracting parties may, of course, modify the terms of their contract by express mutual agreement"; such modifications must also be supported by consideration. *Stanley's Cafeteria, Inc. v. Abramson*, 226 Va. 68, 72 (1983); *see Powell Mountain Joint Venture v. Moore*, 248 Va. 63, 66 (1994). "Consideration is, in effect, the price bargained for and paid for a promise." *Brewer v. First Nat'l Bank of Danville*, 202 Va. 807, 815

---

[3] Solely to address whether the alleged agreement is supported by consideration, we assume, without deciding, that Addendum E is sufficiently certain and complete to be otherwise enforceable. Because we conclude that Addendum E was unsupported by consideration, we do not reach the issue of whether Addendum E was sufficiently definite to be enforceable.

(1961). Consideration does not have to be money, however; "[i]t may be in the form of a benefit to the party promising or a detriment to the party to whom the promise is made." *Id.*

Generally, "courts will not inquire into the adequacy of consideration." *Jessee v. Smith*, 222 Va. 15, 18 (1981). "It matters not to what extent the promisor is benefited or how little the promisee may give for the promise. A very slight advantage to the one party or a trifling inconvenience to the other is generally held sufficient to support the promise." *Brewer*, 202 Va. at 815. "That one party rues the bargain he struck does not excuse his performance. 'Courts cannot relieve one of the consequences of a contract merely because it was unwise.'" *Jessee*, 222 Va. at 18 (quoting *Owens v. Owens*, 196 Va. 966, 974 (1955)).

Under Better Day's interpretation, Addendum E was an enforceable promise by Hay-Be giving Better Day the option to continue the lease, and to do so without paying rent until it reopened its restaurant. If Addendum E has the legal effect Better Day claims, it is an option contract. "An option contract is a promise which meets the requirements for the formation of a contract and limits the promisor's power to revoke an offer." Restatement (Second) of Contracts § 25; *see Leech v. Harman*, 171 Va. 35, 46 (1938) (defining an option contract in the context of real estate sales); *see also Powell Mountain Joint Venture*, 248 Va. at 66-67 (analyzing enforceability of lessee's right to extend lease under option provision in lease agreement).

Like other contracts, option contracts generally must be supported by consideration.[4] *See Cummins v. Beavers*, 103 Va. 230, 237 (1904). "[W]here a consideration is paid for the option," an option contract creates an irrevocable offer which the offeree may accept within the applicable time limits. *Id.* But if an option contract is not supported by consideration, it is

---

[4] "[A]n option contract under seal" is also "regarded as made upon a sufficient consideration." *Parker v. Murphy*, 152 Va. 173, 191 (1929); *see* Code § 11-3. There is no allegation that Addendum E was made under seal.

merely an ordinary offer to enter a contract, which "can be withdrawn at any time before acceptance, upon notice to the [offeree]." *Id.*

The question in this case is whether the option contract was supported by consideration. We conclude that it was not. Better Day's complaint does not allege that it paid money for the option, nor suffered any other detriment constituting consideration. *See Brewer*, 202 Va. at 815. Rather, Better Day argues that Hay-Be benefitted from the option contract because the offer's existence encouraged Better Day to continue leasing the premises and therefore increased the likelihood Hay-Be would have a tenant ready to rent the premises once it was repaired. Better Day also contends that the option contract saved Hay-Be the time and resources of looking for a new tenant.[5]

The benefits that Better Day argues Hay-Be received from the option contract are no different than the benefits inherent to making the underlying contract offer and therefore cannot be consideration sufficient to make the option binding. *Cummins v. Beavers*, 103 Va. at 237-41, is instructive. In that case, our Supreme Court concluded that a hopeful buyer's alleged extension of his option to purchase a parcel of land was unenforceable where the buyer and seller discussed the buyer's continued interest in purchasing the property but failed to exchange valuable consideration to support any extension. *Id.* The buyer and seller had a conversation the day after the buyer's option had expired in which the buyer stated he wanted two more weeks to investigate the property, and the seller replied, "I will be back this day two weeks." *Id.* at 232. The Court concluded that although the buyer's ability to buy continued for two weeks, no "new

---

[5] Hay-Be argues that Better Day cannot make these arguments on appeal because they were not pleaded in the complaint. "A demurrer accepts as true all facts properly pled, as well as reasonable inferences from those facts." *Steward*, 284 Va. at 286. Better Day's arguments are based upon reasonable inferences from the facts pled in its complaint.

and sufficient consideration" supported the extension, and therefore it was merely an offer which the seller was free to withdraw before the buyer accepted it. *Id.* at 238-39.

Similarly here, Better Day and Hay-Be exchanged no valuable consideration for Better Day's option to extend the lease in Addendum E. The benefits Better Day alleges Hay-Be received from the option are merely the benefits inherent to making a reasonable contract offer—namely, the increased likelihood that the offeree will accept the offer. Under Better Day's reasoning, *every* reasonable offer would become a binding option contract supported by consideration. Better Day essentially tries to use the consideration that would support the underlying contract (i.e., the benefits Hay-Be would receive *if* Better Day entered the contract) as consideration to support the option contract. But to show a binding option contract, Better Day was required to allege a valuable consideration *specific to* the new option contract. *See Cummins*, 103 Va. at 237-41. Without more, Addendum E was merely an offer, which was revocable, and which Hay-Be revoked before Better Day accepted. *Id.*

II. Hay-Be did not waive its right to terminate the lease agreement.

Better Day argues that even if Addendum E was not supported by consideration, Hay-Be nonetheless waived its right to terminate the lease agreement by signing the addendum. "Two elements are necessary to establish waiver: Knowledge of the facts basic to the exercise of the right and the intent to relinquish the right." *Newport News Shipbuilding & Dry Dock Co. v. Wardell Orthopaedics, P.C.*, 67 Va. App. 404, 415 (2017) (quoting *Stockbridge v. Gemini Air Cargo, Inc.*, 269 Va. 609, 621 (2005)). "[T]he party seeking to rely upon waiver must prove those two essential elements to the trier of fact 'by clear, precise, and unequivocal evidence.'" *Id.* (quoting *Stanley's Cafeteria, Inc.*, 226 Va. at 74). Generally, "proof of waiver is a question for the trier of fact." *Mgmt. Enters., Inc. v. Thorncroft Co.*, 243 Va. 469, 474 (1992). In this case, however, Better Day has failed to plausibly allege facts that would support Hay-Be's

having waived its right to terminate the lease agreement under the casualty provision. Assuming Hay-Be knew "the facts basic to the exercise of the right," we conclude Better Day's complaint fails to adequately allege that Hay-Be "intend[ed] to relinquish the right." *Newport News Shipbuilding*, 67 Va. App. at 415 (quoting *Stockbridge*, 269 Va. at 621).

Better Day alleges that "by its execution of Addendum E, [Hay-Be] waived the termination of the lease based on the fire." But, as discussed in the preceding section, all Hay-Be did in Addendum E was make an offer. Hay-Be *offered* to waive its rights to terminate the lease and collect rent payments until Better Day reopened. That offer was expressly contingent on Better Day's deciding to keep the lease in effect. Thus, the text of Addendum E makes clear that Hay-Be had no "intent to relinquish the right" to terminate the lease unless and until Better Day communicated its decision to keep the lease in effect. *Newport News Shipbuilding*, 67 Va. App. at 415 (quoting *Stockbridge*, 269 Va. at 621). Hay-Be withdrew the offer before Better Day attempted to accept it; thus, no waiver ever occurred.

CONCLUSION

Addendum E it is not an enforceable agreement because it was not supported by consideration. Nor did Hay-Be waive its right to terminate the lease. The circuit court properly sustained the demurrer because "it is plain on the record that there is no basis for declaratory relief." *First Nat'l Trust & Sav. Bank*, 201 Va. at 721. Therefore, we affirm the circuit court's judgment sustaining Hay-Be's demurrer and dismissing the case with prejudice.

*Affirmed.*